Hecking v. NH COSH, et al.          13-CV-366-SM   11/8/13
                  UNITED STATES DISTRICT COURT

                    DISTRICT OF NEW HAMPSHIRE


Dirck Hecking,
      Plaintiff

      v.                               Case No. 13-cv-366-SM
                                       Opinion No. 2013 DNH 151
New Hampshire Coalition for
Occupational Safety and Health
and Brian Mitchell,
      Defendants


                         **O R D E R**


     Prior to transfer of this case from the Southern District of
Indiana, defendants filed their first motion to dismiss (doc. no.
5) on grounds that plaintiff's claim does not meet the
jurisdictional amount in controversy.  That motion was pending at
the time of transfer.  See 8/12/13 Order, doc. no. 26.
Defendants chose not to renew the motion within 30 days of
transfer (see 8/14/13 Procedural Order in Transferred Case), but
instead filed a new motion to dismiss, doc. no. 34.  Although in
their second motion to dismiss defendants do not argue that the
court lacks subject matter jurisdiction over the claim, it is
necessary, nevertheless, to address the issue.  This court has an
"independent obligation to insure that [it] do[es] not exceed the
scope of [its] jurisdiction, and therefore [it] must raise and
decide jurisdictional questions that the parties . . . elect not
to press."  Henderson ex rel. Henderson v. Shinseki, __ U.S. __,

131 S. Ct. 1197, 1202 (2011). Notably, the parties fully briefed the amount-in-controversy issue when they addressed defendants' first motion to dismiss.

Having reviewed the complaint and the arguments, the court finds that it does not have subject matter jurisdiction over plaintiff's claim. Plaintiff alleges that his case falls within the diversity jurisdiction of this court, see 28 U.S.C. Sec. 1332, but his complaint does not plausibly assert or even imply that the amount in controversy does or could possibly exceed $75,000. Although the complaint alleges generally that the amount in controversy meets the jurisdictional threshold, it does not indicate, directly or by plausible inference, any connection between defendants' alleged online misrepresentations about New Hampshire's worker's compensation claims process and some injury to plaintiff — let alone one whose value might exceed $75,000. The claims, therefore, lack "objective good faith," in that no one "familiar with the applicable law could . . . reasonably . . . conclude[] that the claim [is] worth the jurisdictional amount." Esquilin-Mendoza v. Don King Prod., Inc., 638 F.3d 1, 4 (1st Cir. 2011).

Accordingly, the case is dismissed for lack of subject matter jurisdiction.

2

**SO ORDERED.**

_Steven J. McAuliffe_
Steven J. McAuliffe
United States District Judge

November 8, 2013

cc:  Dirck Hecking, pro se
     Shawn J. Sullivan, Esq.